
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| PARK SOUTH, LLC, a Washington limited liability company, | ) ) ) | No. 41481-7-III |
| Appellant, | ) ) ) | |
| v. | ) ) | |
| DENALI CONSTRUCTION, LLC, a | ) | UNPUBLISHED OPINION |
| Washington limited liability company; | ) | |
| TAYLOR MOUNTAIN, LLC, a | ) | |
| Washington limited liability company; and | ) | |
| RICHARD LUDWIGSEN, an individual, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, C.J. — Park South LLC appeals the trial court's order entered on remand from our decision in *Park South, LLC v. Denali Construction, LLC*, No. 39360-7-III (Wash. Ct. App. Jan. 25, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/393607_unp.pdf (*Park South* I). In Park South's prior appeal, we held that a lis pendens jointly recorded by Denali Construction LLC and Taylor Mountain LLC against property owned by Park South was recorded without substantial justification. We reversed and remanded with instructions for the trial court to cancel the lis pendens and calculate Park South's actual damages related to the lis pendens.

On remand, the trial court denied Park South's request to reopen evidence or hold a new trial on damages. Instead, the trial court: (1) concluded Park South was not entitled to damages under RCW 4.28.328(3) because the lis pendens was filed in connection with a chapter 60.04 RCW lien action and therefore fell outside the statute's definition of lis pendens, (2) alternatively calculated Park South's damages through the time of trial at zero based on the evidence produced at trial, and (3) denied Park South's request to determine posttrial damages because no claim for such damages had been reserved at trial or in a posttrial motion.

In this second appeal, Park South argues the trial court disregarded our mandate and dismissed the matter entirely. Park South requests that we remand with specific instructions to hold a new trial or evidentiary hearing on damages from the unjustified lis pendens, including both pretrial and posttrial damages up to the time the lis pendens was cancelled. Denali and Taylor Mountain respond, contending the trial court acted within its discretion by determining the existing record was sufficient and calculating pretrial damages at zero. Alternatively, Denali and Taylor Mountain argue res judicata and collateral estoppel preclude Park South from relitigating damages. Denali and Taylor Mountain also request an award of attorney fees.

We hold that the trial court correctly concluded that RCW 4.28.328(1)(a) precludes an award for actual damages against Denali, whose lis pendens was based on

its mechanic's lien filed under chapter 60.04 RCW. However, the same exclusion does not apply to Taylor Mountain's lis pendens, which was based on its contract claim.

We further conclude that the trial court did not err in finding, based on the evidence presented at trial, that Park South failed to prove actual damages from Taylor Mountain's unjustified lis pendens. However, we hold that the trial court did abuse its discretion by failing to conduct an evidentiary hearing to determine if Taylor Mountain's lis pendens caused actual damages to Park South after the trial up to the time the lis pendens was cancelled. We reverse the trial court's order with respect to this last decision and remand for an evidentiary hearing.

## BACKGROUND

This is the second appeal in this case. In the first appeal, Park South challenged a judgment entered after a two-day bench trial in favor of Denali and Taylor Mountain on claims involving earnest money, unjust enrichment, enforcement of a lien, and the validity of a lis pendens jointly recorded against six Park South parcels.

The underlying dispute arose from a failed real estate development project involving Park South, Taylor Mountain, and Denali. *See* Park South and Taylor Mountain first entered a 2018 purchase and sale agreement for six parcels, then entered a joint venture and construction improvement agreement to develop one of those parcels. Taylor Mountain later subcontracted with Denali to perform work on the project. After Spokane County approved revised conditions affecting the project, Taylor Mountain and

Denali asserted the changes increased project costs and sought payment beyond the $1 million cap in the joint venture agreement, including payment for work not yet performed. Park South declined to agree to those additional amounts.

The parties then entered a new purchase and sale agreement in September 2019 for seven parcels including the one under development, which terminated the joint venture agreement. After that agreement failed to close, Denali recorded a mechanic's lien against Park South's property in April 2020, claiming it was owed $770,995 for work performed. Park South then sued Denali and Taylor Mountain for breach of contract, indemnification/contribution, and unjust enrichment.[1] Taylor Mountain and Denali answered, asserting counterclaims, and they jointly recorded a lis pendens against six of Park South's parcels. Denali also sought to foreclose its lien.

Following a bench trial, the trial court ruled both Denali and Taylor Mountain had properly recorded the lis pendens, but for different reasons: Denali's lis pendens was justified by its claimed lien interest, while Taylor Mountain's lis pendens was justified by its claimed property interest arising from the right-of-first-purchaser clause in the joint venture agreement.

---

[1] Park South also sued Richard Ludwigsen, who was one of Taylor Mountain's two members, and the sole member of Denali.

Park South appealed, and we subsequently held that the lis pendens had been recorded without substantial justification. As a result, we reversed and remanded "for further proceedings," with the following instructions:

> This matter is remanded with instructions to cancel the lis pendens, *calculate Park South's actual damages related to the lis pendens*, and assess whether Park South is entitled to discretionary attorney fees in connection with cancellation of the lis pendens.

*Park South* I, slip op. at 19-20 (emphasis added).

On remand, the parties disagreed on whether the existing trial record was sufficient for the court to determine damages. Park South asked the trial court to hold a new trial on the issue of damages. In support of that request, Park South argued that (1) our remand order did not limit damages to the pretrial period, (2) the existing trial record could not supply substantial evidence of damages from 2021 to 2024, and (3) expert testimony would establish market value and actual damages through the time of retrial.

Denali and Taylor Mountain, by contrast, argued that the trial court should calculate any damages solely from the existing trial record. Denali and Taylor Mountain asserted that Park South had already been given a full opportunity to prove damages at trial and that reopening the case for additional evidence would violate res judicata and collateral estoppel.

The court ultimately agreed with Denali and Taylor Mountain, holding:

> There are several issues at play. The first is the question of whether plaintiff can be awarded damages under RCW 4.28.328. The background

5

in this matter is important. Defendants filed a construction lien to protect their claims and then followed it with a lis pendens. RCW 4.28.328(1) reads "For the purposes of this section:

> (a) Lis pendens means a lis pendens filed under . . . but does not include a lis pendens filed in connection with an action under Title 6, 60, other than chapter 60.70 RCW or 6 RCW"

It was this Court's understanding the lien filed by defendants was under [chapter] 60.04 [RCW] (Mechanics and Materialmen's Liens) and so the lis pendens filed in connection with the lien would be exempt from the damages and attorney fees allowed to an aggrieved party who prevails in the defense of a filed lis pendens under subsection (3) to RCW 4.28.328.

This Court made this Ruling in its decision of September, 2022. This negated any claim for damages and fees by plaintiff. The validity of this ruling was not addressed in the decision of the Court of Appeals. Accordingly, this Court will not base any decision on RCW 4.28.328(1), and will simply note that this Court believes it applies to this matter, denying a claim.

The Court does find that any claim for damages between the date the lis pendens was filed and the date of trial were determined, or could have been determined at trial. As the lien and lis pendens claims were at issue and were litigated, and the Court ruled upon the issue, a further evidentiary hearing would be inappropriate.

The Court will note no request was made at trial to hold additional hearings or reserve further claims depending on post-trial rulings. This Court did not reserve any claims for additional evidence.

The record at trial was, and remains, clear. There was no evidence produced as to damages. Pursuant to the Court of Appeals decision, the calculation of damages is deemed to be "zero."

Based upon the foregoing, the Court hereby ORDERS:

1)  Plaintiff's damages, based upon the evidence at trial, is zero, for the time period between the filing of the lis pendens and trial.

2)  Any determination for damages post-trial is denied as there was no claim asserted in any filing or post-trial motion for the Court to reserve additional relief to a later date.

Clerk's Papers (CP) at 17-18 (alteration in original).

Park South timely appeals.

## ANALYSIS

1. DAMAGES FOR LIS PENDENS BASED ON MECHANIC'S LIEN

As a preliminary matter, we agree with the trial court that Denali is not liable for any damages based on its lis pendens, justified or not, because its lis pendens was based on Denali's mechanic's lien filed under chapter 60.04 RCW. As the trial court noted on remand, a lis pendens recorded in connection with an action under Title 60 RCW is specifically excluded from the definition of "lis pendens" under RCW 4.28.328(1)(a).

Following the first trial, the court concluded that Denali's lis pendens was based on its mechanic's lien while Taylor Mountain's lis pendens was based on its contract claim. On remand, however, the court contradicted its earlier conclusion and determined that Taylor Mountain's lis pendens was also based on a mechanic's lien and therefore excluded from damages. We disagree with this determination on remand because it is contradicted by the trial court's earlier unchallenged conclusion. Taylor Mountian's lis pendens was not based on a mechanic's lien and is not excluded from the definition of lis pendens under RCW 4.28.328(1)(a). Our decision in *Park South* I did not make this distinction, but it did not preclude the distinction either.

2. PRETRIAL DAMAGES

Park South argues that our prior decision entitles it to a new trial on pretrial damages. We disagree.

7

"Following a mandate for further proceedings, a trial court must comply with that mandate, and we review the trial court's compliance for an abuse of discretion." *Kruger-Willis v. Hoffenburg*, 198 Wn. App. 408, 414, 393 P.3d 844 (2017). "'A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or when untenable reasons support the decision.'" *In re Guardianship of Mesler*, 21 Wn. App. 2d 682, 701, 507 P.3d 864 (2022) (quoting *In re Guardianship of McKean*, 136 Wn. App. 906, 918, 151 P.3d 223 (2007)). A decision is manifestly unreasonable if it falls outside the range of acceptable choices, given the facts and law; and it is based on untenable reasons if the court applies an incorrect standard or fails to satisfy legal requirements. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

Our prior decision resolved a legal question—whether Park South was entitled to damages based on the facts found by the trial court. Otherwise, it did not disturb the trial court's findings or hold that the evidence on Park South's damages was incomplete or improperly excluded. Nor did we remand for a new trial.

In this appeal we conclude the trial court acted within its discretion in declining to reopen the evidence as to damages incurred *between the recording of the lis pendens through trial*. Park South had a full and fair opportunity at the bench trial to present evidence supporting every element of its claims, including damages. A party is not

relieved from its burden to prove damages merely because the trial court ultimately rejects liability.

On remand, the trial court considered the evidence produced by Park South at the bench trial and concluded that Park South did not produce any evidence of damages related to the lis pendens.[2] Thus, Park South's actual damages up to the time of trial was zero. Park South provides no authority supporting its position that it should be entitled to a new trial to present new evidence that it failed to present at the first trial.

3. POSTTRIAL DAMAGES

Park South's primary argument on appeal is that the trial court abused its discretion by refusing to hold an evidentiary hearing to consider evidence of damages resulting from Taylor Mountain's unjustified lis pendens from the time of trial to the time the lis pendens was cancelled. We agree.

The trial court denied Park South's request to consider evidence of damages posttrial, concluding "[a]ny determination for damages posttrial is denied as there was no claim asserted in any filing or post-trial motion for the Court to reserve additional relief to a later date." CP at 18. We conclude this ruling was an abuse of discretion. Neither

---

[2] In this appeal, Park South claims it did produce evidence of damages, pointing to its trial brief. Appellant's Br. at 5. But as the Respondents point out, a trial brief is not evidence. Park South does not point to any evidence actually produced at trial on its claim for damages. Regardless, "The amount of damages is a question of fact and the fact finder has the ultimate authority to weigh the evidence and determine the amount of damages in a particular case." *Sherman v. Kissinger*, 146 Wn. App. 855, 874, 195 P.3d 539 (2008)."

9

the court nor the parties cited any authority requiring a party to make a reservation for additional relief when they lose at trial and appeal that decision.

The parties concede that Taylor Mountain's lis pendens continued to cloud the title of Park South's property for a significant amount of time after trial. The fact that Park South did not incur damages from this lis pendens prior to trial does not preclude Park South from proving that the lis pendens resulted in damages after trial.

Taylor Mountain claims that Park South's claims for posttrial damages are precluded by res judicata or collateral estoppel. We disagree.

"Res judicata or modernly, claim preclusion, 'acts to prevent relitigation of claims that were or should have been decided among the parties in an earlier proceeding.'" *Fortson-Kemmerer v. Allstate Ins. Co.*, 198 Wn. App. 387, 393, 393 P.3d 849 (2017) (footnote omitted) (quoting *Norris v. Norris*, 95 Wn.2d 124, 130, 622 P.2d 816 (1980)). "The threshold requirement of res judicata is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

"Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties." *Christensen v. Grant County. Hosp. Dist. No. 1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). "For collateral estoppel to apply, the party seeking application of the doctrine must establish that (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom

collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied." *Christensen*, 152 Wn.2d at 307.

Neither doctrine applies here. This appeal arises from continued proceedings in the same case following remand from *Park South* I; it does not involve a subsequent proceeding. Accordingly, Taylor Mountain's arguments to the contrary fail.

4. ATTORNEY FEES

Denali and Taylor Mountain request their attorney fees and costs incurred for defending this appeal under RAP 18.1. We deny their requests.

RAP 18.1(a) provides: "If applicable law grants to a party the right to recover reasonable attorney fees or expenses . . . the party must request the fees or expenses as provided in this rule." The rule "requires more than a bald request for attorney fees on appeal." *Thweatt v. Hommel*, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992). Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees and costs. *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404 (1994).

Here, Denali and Taylor Moutain's bald request for attorney fees and costs is insufficient to warrant an award. Other than citing RAP 18.1, Denali and Taylor Mountain cite no applicable law granting them the right to recover attorney fees and costs.

11

No. 41481-7-III
*Park South, LLC v. Denali Construction, LLC*

CONCLUSION

We affirm the trial court's order denying damages for the lis pendens recorded by Denali. We also affirm the trial court's determination that Park South failed to prove any damages for Taylor Mountain's lis pendens up to the time of trial. But we reverse the trial court's decision to not consider any posttrial evidence of damages resulting from Taylor Mountain's continuing lis pendens. We remand for the trial court to determine if Park South incurred any damages from Taylor Mountain's lis pendens from the time of trial until the time the lis pendens was cancelled. The court will also have discretion to determine if Park South is entitled to attorney fees from Taylor Mountain under RCW 4.28.328(3).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Cooney, J.

12